IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00282-F-7
No. 5:12-CV-00385-F

| | | |
|---|---|---|
| TYRONE RICARDO LAWRENCE, Petitioner, | ) | MEMORANDUM AND RECOMMENDATION |
| v. | ) | |
| UNITED STATES OF AMERICA, Respondent. | ) | |

This matter comes before the court on the motion of Tyrone Ricardo Lawrence ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-485, -489] and the Government's motion to dismiss [DE-495]. Petitioner, with the assistance of counsel, filed a supplemental memorandum in support of his claim [DE-491], and the Government filed a notice of supplemental authority [DE-501]. All briefing is now complete, and the motions are ripe for review. The motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion to dismiss [DE-495] be allowed and Petitioner's motion [DE-485, -489] be denied.

## I. BACKGROUND

On September 24, 2008, Petitioner was charged in a six-count, multi-defendant indictment with conspiracy to possess with intent to distribute more than one kilogram of heroin, more than five kilograms of cocaine, and more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count 1). [DE-3]. On January 22, 2009, Petitioner pleaded guilty to Count 1 pursuant to a plea agreement. [DE-208, -214]. The plea agreement provided in relevant part that

Petitioner agreed to

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Mem. of Plea Agreement [DE-214] ¶ 2(c). On September 15, 2009, the court sentenced Petitioner to a term of 190 months' imprisonment and five years' supervised release, and judgment was entered on September 22, 2009. [DE-354, -362]. Petitioner did not appeal his conviction or sentence.

On June 25, 2012, pursuant to the court's Standing Order 11-SO-3, the Federal Public Defender was appointed as counsel to determine whether Petitioner might qualify for post-conviction relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). [DE-484]. On June 27, 2012, Petitioner filed *pro se* a motion to vacate pursuant to § 2255 [DE-485], which was subsequently submitted on the appropriate form [DE-489]. On July 12, 2012, with the assistance of counsel, Petitioner filed a supplemental memorandum in support of his motion to vacate pursuant to § 2255. [DE-491]. Petitioner claims that in light of *Simmons* he was improperly classified as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. Pet'r's Mem. [DE-485] at 2-3; Pet'r's Suppl. Mem. [DE-491] at 2-4. Petitioner contends that without the career offender enhancement his sentence would have been 152 months' imprisonment. Pet'r's Suppl. Mem. [DE-491] at 4. On August 16, 2012, the Government moved to dismiss Petitioner's claim as untimely or otherwise barred by the post-conviction relief waiver in his plea agreement. Gov't's Mem. [DE-496] at 3-9. On August 30, 2012, the Government filed a notice of supplemental

authority regarding *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). [DE-501].

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## B. 28 U.S.C. § 2255

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## III. DISCUSSION

Petitioner's sole claim is that based on *Simmons* he does not qualify for the career offender

enhancement he received at sentencing.[1] Pet'r's Mem. [DE-485] at 2-3; Pet'r's Suppl. Mem. [DE-491] at 2-4. Specifically, Petitioner argues that one of the two convictions used as predicate offenses for the career offender enhancement was not punishable by more than 12 months and can no longer be considered a requisite felony in light of *Simmons*. Pet'r's Suppl. Mem. [DE-491] at 3-4. With respect to the procedural posture of his claim, Petitioner argues that his motion is timely or, alternatively, equitable tolling is appropriate. *Id.* at 5-8. The Government contends that dismissal is warranted because Petitioner waived his right to collaterally attack his sentence and Petitioner's claim is untimely with no basis for equitable tolling. Gov't's Mem. [DE-496] at 3-9. The undersigned concludes that Petitioner's claim should be dismissed as it was untimely filed and equitable tolling is not appropriate.

**A. Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

[1] Petitioner received a base offense level of 36 and a criminal history category of V. Presentence Investigation Report ("PSR") [DE-542] ¶¶ 45, 67. Further application of the career offender enhancement increased Petitioner's offense level to 37 and his criminal history category to VI. *Id.* ¶¶ 45, 73. Three points were subtracted in light of his acceptance of responsibility resulting in a total offense level of 34 and a guideline range of 262 to 327 months. *Id.* ¶¶ 74-75, 78. The statutory range was not less than ten years or more than life. *Id.* ¶ 77 (citing 21 U.S.C. § 841(b)(1)(A)).

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner filed his § 2255 motion more than two years after his judgment of conviction became final [DE-362] and, thus, cannot satisfy § 2255(f)(1). Rather, Petitioner contends his claim is timely because his petition was filed within one year of the Fourth Circuit's decision in *Simmons*, which Petitioner argues is a newly discovered "fact" within the meaning of § 2255(f)(4). Pet'r's Mem. [DE-485] at 4-6; Pet'r's Suppl. Mem. [DE-491] at 5-7.

For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (holding that vacatur of petitioner's state conviction was a "fact" supporting his § 2255 challenge for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying conviction is not a "new fact" for purposes of triggering § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (en banc) (holding that "*Simmons* represented a change of law, not fact" and *Johnson*, therefore, did not govern petitioner's claim under § 2255(f)(4)), *cert. denied*, —S. Ct. —, 2015 WL 1278533 (June 29, 2015); *Walton v. United States*, No. 2:07-CR-017-F, 2013 WL 1309277, at *3 (E.D.N.C. Mar. 28, 2013) (unpublished) (rejecting argument that petitioner's § 2255 motion was timely under subsection (f)(4) in light of *Simmons*). Because *Simmons* did not vacate or otherwise affect the validity of Petitioner's own conviction, it cannot serve as a "fact" within the meaning of § 2255(f)(4). Therefore, Petitioner's argument that his petition is timely under § 2255(f)(4) lacks merit.

## B. Equitable Tolling

Petitioner next argues that his claim is subject to equitable tolling because he filed his claim as soon as practicable after it arose as a result of *Simmons*. Pet'r's Mot. [DE-485] at 6-7; Pet'r's

Suppl. Mem. [DE-491] at 7-8. The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit has determined that "to be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citation and internal quotation marks omitted).

The Fourth Circuit in *Whiteside* foreclosed the application of equitable tolling to Petitioner's *Simmons* claim. *Whiteside*, 775 F.3d at 186 ("Equitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success."); *Yarborough v. United States*, No. 5:07-CR-00270-F-1, 2015 WL 1275392, at *3 (E.D.N.C. Mar. 19, 2015) (unpublished) ("On rehearing en banc, the Fourth Court concluded that a petitioner could not invoke equitable tolling in support of a *Simmons* claim.") (citing *Whiteside*, 775 F.3d at 186). Petitioner has presented no other facts justifying the application of equitable tolling. Accordingly, equitable tolling does not apply to save Petitioner's untimely claim. Having determined that Petitioner's claim is untimely, the Government's alternative grounds for dismissal need not be considered.

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that the Government's motion to dismiss [DE-495] be ALLOWED and Petitioner's motion [DE-485, -489] be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each

of the parties or, if represented, their counsel. Each party shall have until **July 20, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by within **14 days** after service of the objections on the responding party.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, this the 6 day of July 2015.

Robert B. Jones, Jr.
United States Magistrate Judge