IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-282-FL-7
No. 5:16-CV-460-FL

| | | |
|---|---|---|
| TYRONE RICARDO LAWRENCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 796), which challenges his career offender sentencing enhancement in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is petitioner's motion to amend (DE 839), seeking to assert a claim based on Mathis v. United States, 136 S. Ct. 2243 (2016). The issues raised are ripe for ruling.[1] For the reasons that follow, this court denies both petitioner's motion to vacate and his motion to amend.

### BACKGROUND

On January 22, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribution of more than one kilogram of heroin, more than five kilograms of cocaine, and more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. On September 15, 2009, petitioner was sentenced to 190 months' imprisonment.

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

Petitioner did not appeal the court's judgment.

On June 27, 2012, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255. On August 12, 2015, the court dismissed petitioner's motion to vacate. On June 21, 2016, petitioner's appointed counsel filed the instant § 2255 motion, arguing that in light of Johnson, petitioner was improperly sentenced as a career offender. On July 28, 2016, this case was stayed pending the Supreme Court's decision in Beckles v. United States, 15-8544. Petitioner filed his motion to amend on March 20, 2017. On April 13, 2017, this court lifted the stay.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Petitioner's Johnson claim fails on the merits.

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

In this case, petitioner relies on Johnson's reasoning to challenge his designation as a career offender under U.S.S.G. § 4B1.1. The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S. Ct. 886, 894 (2017). Thus, petitioner's status as a career offender is not subject to constitutional challenge.

2. Petitioner's Mathis claim is untimely.

Petitioner's next motion before the court is a motion to amend, which raises a claim under Mathis. In Mathis, the Supreme Court held that when determining whether an offense qualifies as a predicate under the ACCA, the court takes a modified categorical approach, which means looking to the statutory elements of the offense rather than the means of commission. 136 S. Ct. at 2257. Petitioner's Mathis claim is untimely, and therefore, the motion to amend must be denied as futile.

A one-year period of limitation applies to claims in a § 2255 motion. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, petitioner's judgment was entered on September 22, 2009. (See DE 362). Petitioner's judgment became final after the time period for appeal expired in October of 2009, and thus ran until October of 2010. See Fed. R. App. P. 4(b)(1)(A) (providing that a defendant must file a notice of appeal within 14 days after the entry of judgment). Petitioner filed the instant § 2255

3

motion on June 21, 2016.  (See DE 796).  Thus, petitioner was more than five years out-of-time under § 2255(f)(1).

Petitioner has also failed to show that his claim is timely pursuant to § 2255(f)(3) for two reasons.  First, Mathis did not set forth a new rule of constitutional law.  See Mathis, 136 S. Ct. at 2257 (indicating its decision was based on longstanding precedent); see also United States v. Saunders, Nos. 7:09CR00021-01, 7:16CV81214, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017) (concluding that Mathis did not announce a new rule of law).  Second, the Supreme Court has not made Mathis retroactively applicable to cases on collateral review.  See Mathis, 136 S. Ct. at 2243; see also In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) on the basis that the movant failed to make a prima facie showing that Mathis set forth a new rule of constitutional law that has been made retroactive to cases on collateral review).

Petitioner has also not shown that he is entitled to equitable tolling.  In order to prevail on an equitable tolling theory, a petitioner must demonstrate that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show:  (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 claim.  See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented

4

prisoner); Rouse v. Lee, 339 F.3d 238, 248-50 (4th Cir. 2003) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his Mathis claim. Because the claim is untimely, petitioner's motion to amend must be denied.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 796) and his motion to amend (DE 839). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge

5